# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**THOMAS J. ENDRE,**

                              **Plaintiff,**

**-vs-**                                           **Case No.  6:06-cv-1696-Orl-19KRS**

**BANCORP BANK,**

                              **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

        This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 24)** |
| **FILED:** | **September 10, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

        This case was brought under the Fair Labor Standards Act (FLSA).  29 U.S.C. § 201, *et seq*. The parties have reached a settlement agreement and seek court approval of that agreement.  In *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982), the Eleventh Circuit explained that claims for back wages under the FLSA may only be settled or compromised when the Department of Labor supervises the payment of back wages or when the district court enters a stipulated judgment "after scrutinizing the settlement for fairness."  *Id.* at 1353.

In the joint motion for approval of the settlement agreement, doc. no. 24, the parties provide a summary of settlement negotiations and describe the factors which caused the plaintiff to lower his demand.  Plaintiff Thomas J. Endre explains that throughout the case, the parties disagreed on whether Endre was exempt from overtime wages under the FLSA.  The parties conducted thorough discovery, including taking the depositions of Endre and the vice-president of Defendant The Bankcorp Bank, attempting to define Endre's work activities, job duties, and the amount of past wages he would be owed if he were not exempt.  The parties were unable to agree on whether Endre was an exempt employee.  However, during the court-ordered mediation, considering The Bankcorp Bank's possible defenses, Endre reduced his demand and the parties were able to reach a settlement.

In reviewing the settlement negotiations, I find that the settlement is a reasonable compromise of disputed issues and not a waiver of the plaintiff's statutory rights.  The proposed settlement is a fair and reasonable resolution of a bona fide dispute over the FLSA.

The settlement agreement purports to be confidential.  Doc. No. 24-2 ¶ 3(e).  Because the settlement agreement has been filed in the public record, any confidentiality has been lost.  Pursuant to the severability provision, the settlement agreement remains enforceable.  *Id.* ¶ 13.

Accordingly, I respectfully recommend that the Court approve the settlement agreement, except for the confidentiality provision, and dismiss the case with prejudice, pursuant to the agreement of the parties.  I further recommend that the Court direct the Clerk of Court to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on September 14, 2007.

*Karla R. Spaulding*

KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy